**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>TIMOTHY M. THOMPSON,<br><br>　　　　　　　Debtor<br>―――――――――――――――<br>STEWART F. GROSSMAN, as he is Chapter 7 Trustee<br><br>　　　　　　　Plaintiff<br><br>v.<br><br>WELLS FARGO BANK, N.A. d/b/a WELLS FARGO HOME MORTGAGE, SUCCESSOR IN INTEREST TO WORLD SAVINGS BANK, FSB and TIMOTHY M. THOMPSON<br><br>　　　　　　　Defendants | Chapter 7<br>Case No. 14-15822-FJB<br><br><br><br><br>Adversary Proceeding<br>No. 15-1093-FJB |

**MEMORANDUM OF DECISION**

**I.　　Overview**

By his Complaint in this adversary proceeding, Stewart F. Grossman, in his capacity as chapter 7 trustee (the "Trustee") in the bankruptcy case of the debtor Timothy M. Thompson (the "Debtor"), seeks to avoid a mortgage (the "Mortgage") held by Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Mortgage, Successor in Interest to World Savings Bank, FSB  ("Wells Fargo") pursuant to 11 U.S.C. § 544(a)(3) and to preserve it for the benefit of bankruptcy estate pursuant to 11 U.S.C. § 551.  Before the Court are Cross-Motions for Summary Judgment on Counts I and II filed by the Debtor and the Trustee, as well as a Motion by the Trustee to Strike the Affidavit of the Notary, Earle D. Solano (the "Notary").  The Trustee argues that the Mortgage is subject to avoidance under § 544(a)(3) because there is no certificate of

1

acknowledgment endorsed upon or annexed to the Mortgage as required by Massachusetts law. The Trustee contends that while two certificates of acknowledgment were recorded with the Mortgage, neither certificate provides the requisite notice that the Mortgage was executed voluntarily or as the Debtor's free act and deed.  The Debtor and Wells Fargo counter that the Mortgage fully satisfies the acknowledgment and recording requirements of Massachusetts law and is therefore not subject to avoidance under § 544(a)(3).   For the reasons set forth below, the Trustee's Motion to Strike the Affidavit of the Notary is granted, the Debtor's Motion for Summary Judgment is granted, and the Trustee's Motion for Summary Judgment is denied.

II.     **Procedural History**

On December 19, 2014, Thompson filed a petition for relief under chapter 7 of the Bankruptcy Code, commencing the present bankruptcy case.  Grossman was duly appointed as chapter 7 trustee, and in that capacity, brought this adversary proceeding on May 27, 2015.  The complaint names the Debtor and Wells Fargo as defendants and states two counts.  In Count I, the Trustee seeks to avoid a mortgage held by Wells Fargo.  As a basis for Count I, the Trustee alleges that the Mortgage was not "entitled to be recorded at the Registry due to the missing notary acknowledgement" and is, therefore, subject to avoidance pursuant to 11 U.S.C. § 544(a)(3).  In Count II, the Trustee seeks a declaration that the avoided Mortgage is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551 and that the Trustee assumes the status of the first-position mortgage holder on the real property in question, senior to the Debtor's homestead exemption.

On June 23, 2015, the Debtor filed a motion for summary judgment.  The Trustee subsequently filed an opposition to the Debtor's motion and a cross-motion for summary judgment.  Wells Fargo filed an opposition to the Trustee's cross-motion for summary judgment, which opposition was accompanied by an affidavit of the Notary attesting to certain facts

2

regarding his usual practices as a notary public. The Trustee then filed a motion to strike the Notary's affidavit. Both Wells Fargo and the Debtor filed oppositions to the motion to strike the Notary's affidavit. After a hearing on the motions for summary judgment and the motion strike, the Court took all three motions under advisement.

**III.    Facts**

Except as otherwise indicated, the following facts are established and uncontroverted.

1. The Debtor is an individual residing at 293 Forest Street, Malden, Massachusetts (the "Malden Property"). At all relevant times, the Debtor has been the owner of the Malden Property.

2. On June 21, 2007, the Debtor executed the Mortgage on the Malden Property in favor of World Savings Bank, FSB to secure the payment of a loan in the original principal amount of $200,000.

3. The Mortgage was recorded at the Middlesex South Registry of Deeds in June 2007.[1]

4. The Mortgage was recorded with a "Rider to Security Instrument and Modification to Note" (the "Rider"), an exhibit containing a legal description of the Malden Property (the "Description of Property"), and two certificates of acknowledgement. Altogether, the Mortgage, the Rider, the Description of Property, and the two certificates of acknowledgment comprise nineteen pages, which were consecutively numbered by the Registry as Book 49667, Pages 388 through 406.

---

[1] The parties dispute whether the Mortgage was recorded on June 26, 2007 or June 28, 2007. Whether the Mortgage was recorded on June 26 or June 28 will not affect the outcome of this matter under the governing law. Accordingly, this disagreement does not constitute a dispute as to a material fact.

5.     The Mortgage was numbered by the Registry as Book 49667, Pages 388 through 399.   The Debtor's witnessed signature appears at Book 49667, Page 399.  Page 399 also contains the following language:

> ATTACH INDIVIDUAL NOTARY ACKNOWLEDGMENT
>
> "A MODIFICATION TO NOTE AND RIDER TO SECURITY INSTRUMENT" IS
> ATTACHED HERETO AND RECORDED HEREWITH.

6.     The Rider was numbered by the Registry at Book 49667, Pages 400 through 403. Another witnessed signature of the Debtor appears at Book 49667, Page 403.  On Page 400, the Rider states:

> FOR VALUE RECEIVED, the undersigned (the "Borrower") agrees that the
> following provisions shall be incorporated into the Note and Security Instrument
> of even date herewith which were executed by the Borrower.

7.     The first certificate of acknowledgement was numbered by the Registry as Book 49667, Page 404.  This certificate is endorsed by the Notary and states:

> On this 21st day of June 2007, before me, the undersigned
> notary, personally appeared:
>
> [the Debtor]
>
> Who proved to me through satisfactory evidence of identification, which were
> MADL [Presumably, indicating a Massachusetts state-issued driver's license]
> To be the person(s) whose name is signed on the proceeding [sic] or attached
> document
> In my presence and acknowledged to me that they signed it voluntarily and for
> its stated purpose.

8.     The Description of Property was numbered by the Registry as Book 49667, Page 405.  It contains a description of the Malden Property.  It does not contain a signature.

9.     The second certificate of acknowledgement was numbered by the Registry as Book 49667, Page 406.  It is endorsed by the Notary and contains language identical to the first certificate of acknowledgment.

4

10.    Subsequent to the recording of the Mortgage, Wells Fargo acquired the Mortgage as a result of a merger with World Savings Bank, FSB.

11.    On December 19, 2014, the Debtor filed a voluntarily petition pursuant to chapter 7 of the Bankruptcy Code.  On December 22, 2014, the Trustee was duly appointed as the chapter 7 Trustee of the Debtor's bankruptcy estate.

12.    Schedule A to the Debtor's bankruptcy petition lists the Property with a fair market value of $233,700.

13.    Wells Fargo is the holder of a claim in the Debtor's bankruptcy case in the approximate amount of $208,114.13, which is secured by the Mortgage on the Malden Property.

14.    On Schedule C to his bankruptcy petition, the Debtor asserted a homestead exemption of his interest in the Malden Property in the amount of $24,923.65 pursuant to MASS. GEN. LAWS ch. 188, § 1, on account of a declaration of homestead recorded on December 12, 2014.

**IV.    Jurisdiction**

The matter before this Court is a complaint under 11 U.S.C. § 544(a)(3).  This Court has jurisdiction and authority to resolve the dispute pursuant to 28 U.S.C. § 1334(b), as the matter arises under title 11 and is a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(K).  *See Agin v. Green Tree Servicing, LLC* (*In re Shubert*), 535 B.R. 488, 491 (Bankr. D. Mass. 2015).

**V.    Positions of the Parties**

**A.  The Trustee**

The Trustee contends that the Mortgage is defective and avoidable because there is no certificate of acknowledgement endorsed upon or annexed to the Mortgage as required by Massachusetts law.  The Trustee concedes that two certificates of acknowledgement were

5

recorded at the same time as the Mortgage. The certificates of acknowledgment both state that the Debtor acknowledged to the Notary that he voluntarily signed "the proceeding [sic] or attached document." The Trustee argues that one certificate of acknowledgment follows, is attached to, and refers to the Rider, and that the other certificate follows, is attached to, and refers the Description of Property. The Trustee contends that neither of the certificates of acknowledgement state that the Debtor appeared before the Notary and acknowledged that he voluntary signed *the Mortgage*. The Trustee notes that neither acknowledgement refers to the Mortgage, nor do they contain page numbers to signify to which documents they refer. Accordingly, the Trustee contends, it simply cannot be inferred from a review of all the recorded documents that the Debtor executed *the Mortgage* voluntarily or as his free act and deed. The Trustee argues, therefore, that the Mortgage is materially and patently defective and cannot give proper notice to prospective purchasers. Consequently, the Mortgage is not perfected, and the Trustee, vested with the powers of a hypothetical bona fide purchaser by 11 U.S.C. § 544(a)(3), may avoid this unperfected Mortgage.

The Trustee further argues that the avoided transfer is preserved for the benefit of the estate under 11 U.S.C. § 551. The Trustee asserts that preservation puts the estate in the shoes of the creditor whose lien is avoided. Thus, while the unperfected Mortgage is unenforceable against third parties, it remains valid against the Debtor. Additionally, the Trustee contends that because the Mortgage was recorded prior to the Debtor's declaration of homestead, the claim of homestead is not effective as against the Trustee and remains subordinate to the Mortgage. Thus, the Trustee would have the Court conclude that pursuant to § 551, the avoided Mortgage is preserved for the benefit of the bankruptcy estate and the Trustee should be deemed to have assumed Wells Fargo's first position Mortgage against the Malden Property, superior in priority to the Debtor's claim of homestead.

B.  **The Debtor and Wells Fargo**

The Debtor contends that the Mortgage complies with the acknowledgment and recording requirements of Massachusetts law and is not subject to avoidance under 11 U.S.C. § 544(a)(3).  The Debtor argues that the Mortgage and the Rider clearly form one single document because they were filed together at the Registry of Deeds, at the same time, and in sequential order.  Consequently, the Rider is part of the Mortgage and the certificate of acknowledgement following the Rider constitutes a valid acknowledgment of the entire document.

As further evidence that the Mortgage and the Rider constitute a single integrated document, the Debtor highlights certain provisions contained therein.  The Mortgage states that, "A 'MODIFICATION TO NOTE AND RIDER TO SECURITY INSTRUMENT' IS ATTACHED HERETO AND RECORDED HEREWITH."  The Rider states, "[f]or value received, the undersigned (the "Borrower") agrees that the following provisions shall be incorporated into the Note and Security Instrument of even date herewith which were executed by the Borrower."  The Debtor asserts that the word "incorporated" means "to declare that another document shall be taken as part of the document in which the declaration is made as much as if it were set out at length therein."  BLACK'S LAW DICTIONARY (2nd ed. 1910).  Accordingly, the Debtor reads the above provisions to mean that the Rider "is part of the [M]ortgage."  Therefore, the Debtor would have this Court conclude that the certificate of acknowledgment following the Rider is a valid acknowledgement of the Mortgage because the Mortgage and the Rider are one document.

Wells Fargo, in its opposition to the Trustee's motion for summary judgment, also contends that the Mortgage satisfies the certificate of acknowledgment requirements under Massachusetts law and is not subject to avoidance.  Wells Fargo argues that the Mortgage, the Rider, the Description of Property, and the certificates of acknowledgment were recorded at the Registry together, as a single 19-page integrated document.  This single integrated document

7

includes two certificates of acknowledgment which were either endorsed upon or annexed to it. Wells Fargo further contends that the form of each of the two certificates of acknowledgment is appropriate and valid under Massachusetts law as the certificates adequately express that the Debtor executed the single integrated document voluntarily as his free act and deed. Accordingly, Wells Fargo would have this Court conclude that there is no material defect under Massachusetts law, that the Mortgage and certificates of acknowledgment provide the requisite constructive notice to a hypothetical bona fide purchaser, and that the Trustee cannot avoid the Mortgage under § 544(a)(3).

Finally, both the Debtor and Wells Fargo contend that Count II, in which the Trustee seeks to preserve the avoided Mortgage for the benefit of the estate, is wholly dependent on Count I, in which the Trustee seeks to avoid the Mortgage. As both the Debtor and Wells Fargo argue that the Mortgage is not subject to avoidance, they also argue that the Trustee is not entitled to preserve the Mortgage for the benefit of the Debtor's bankruptcy estate.

**VI.  Discussion**

    **A. Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), made applicable by Fed. R. Bankr. P. 7056. "A 'genuine' issue is one supported by such evidence that a reasonable jury, drawing favorable inferences, could resolve it in favor of the nonmoving party." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (internal citations omitted). A "material" fact is one that has "the potential to change the outcome of the suit under the governing law" if the dispute is resolved in favor of the nonmoving party. *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 314-15 (1st Cir. 1995). The Court must view the record in the light most favorable to the nonmoving party and draw all

reasonable inferences in its favor. *Nicolo v. Phillip Morris, Inc.*, 201 F.3d. 29, 33 (1st Cir. 2000). In dealing with cross-motions for summary judgment, a court "must consider each motion separately, drawing inferences against each movant in turn*.*" *Blackie v. State of Maine*, 75 F.3d 716, 721 (1st Cir. 1996).

Where the burden of proof at trial would fall on the party seeking summary judgment, that party must support its motion with evidence—in the form of affidavits, admissions, depositions, answers to interrogatories, and the like—as to each essential element of its cause of action. The evidence must be such as would permit the movant at trial to withstand a motion for judgment as a matter of law under Fed. R. Civ. P. 50(a). *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Provided it does so, the burden then shifts to the opposing party to adduce evidence that establishes a genuine issue of material fact as to at least one essential element of the moving party's case. The Court must view all evidence in the light most favorable to the nonmoving party and indulge all inferences favorable to that party. *Daury v. Smith*, 842 F.2d 9, 11 (1st Cir. 1988). The ultimate burden of proving the absence of a genuine issue of material fact remains at all times on the moving party.

Where the moving party would not bear the burden of proof at trial, the movant's initial burden is simply to demonstrate or point out a lack of evidence to support at least one essential element of the opposing party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). The burden then shifts to the opposing party to adduce such evidence on each of the disputed elements as at trial would be sufficient to withstand a motion for directed verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250.

B. **Applicable Law**

Section 544(a) of the Bankruptcy Code, commonly referred to as the "strong arm" clause, ''gives a trustee various rights and powers, one of which is the power to avoid a transfer

9

by the debtor of an unperfected security interest in real property to the same extent a bona fide purchaser could avoid the transfer, regardless of any actual knowledge of the trustee." *Weiss v. Wells Fargo Bank, N.A.* (*In re Kelley*), 498 B.R. 392, 400 (1st Cir. BAP 2013) (quoting *DeGiacomo v. CitiMortgage, Inc.* (*In re Nistad*), 2012 WL 272750, at *3 (Bankr. D. Mass. 2012)).[2] "The extent of the [t]rustee's avoidance powers are determined by state law." *Id.* (quoting *Carrion v. USDA Rural Hous. Serv.* (*In re Roldan*), 2012 WL 2221410, at *7 (Bankr. D.P.R. 2012)(citations omitted)).  Under Massachusetts law, an unrecorded mortgage is enforceable only against the grantor, his or her heirs and devises, and persons with actual knowledge of the mortgage.  MASS. GEN. LAWS ch. 183, § 4.  Accordingly, under Massachusetts law, an unrecorded mortgage is subject to avoidance by a bona fide purchaser.

In Massachusetts, in order to be appropriately accepted for recording, a mortgage must have a certificate of acknowledgment either endorsed upon or annexed to it.  MASS. GEN. LAWS ch. 183, § 29 ("No deed shall be recorded unless a certificate of its acknowledgement or of the proof of its due execution, made as hereinafter provided, is endorsed upon or annexed to it, and such certificate shall be recorded at length with the deed to which it relates[.]").  "An acknowledgement is the formal statement of the grantor to the official authorized to take the acknowledgement that the execution of the instrument was his free act and deed."  *McOuatt v. McOuatt*, 320 Mass 410, 415 (Mass. 1946).  Thus, "Massachusetts requires, in addition to other

---

[2] Section 544(a) provides:
The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
[. . .]
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

formalities associated with acknowledgments, an affirmative declaration by the grantor or mortgagor." *Agin v. Mortg. Elec. Registration Sys., Inc.* (*In re Giroux*), 2009 WL 1458173, at *8 (Bankr. D. Mass. 2009), *aff'd*, No. 09–CV–10988–PBS, 2009 WL 3834002 (D. Mass. 2009). An acknowledgment "furnishes formal proof of the authenticity of the execution of the instrument when presented for recording." *McOuatt*, 320 Mass. at 413.

As will be discussed below, "[a] number of formalities must be observed in the execution of an acknowledgement." *Agin v. Mort. Elec.Reg. Sys., Inc.* (*In re Bower*), 2010 WL 4023396, at * 5 (Bankr. D. Mass. 2010). If these requirements are not met, "[i]t is well established law in Massachusetts that a defectively acknowledged mortgage cannot be legally recorded, and if recorded the mortgage does not, as a matter of law, provide constructive notice to future purchasers[.]" *Greater Love Tabernacle Church of Boston, Massachusetts v. VFC Partners 18 LLC* (*In re Greater Love Tabernacle Church of Boston*), 536 B.R. 38, 43 (Bankr. D. Mass. 2015)(quoting *In re Bower*, 2010 WL 4023396, at *5). In recent years, numerous cases have tested the contours of what constitutes an adequate acknowledgment of a mortgage under Massachusetts law. *See In re Greater Love Tabernacle Church of Boston*, 536 B.R at 45 (collecting cases).

Under Massachusetts law, an acknowledgement of a mortgage "shall be by one or more of the grantors or by the attorney executing[.]" MASS. GEN. LAWS ch. 183, § 30. An acknowledgment may be made "before a justice of the peace or notary public" who "shall endorse upon or annex to the instrument a certificate thereof." *Id.* The statute does not specify the language that must be used.[3] The Supreme Judicial Court of Massachusetts has held that,

---

[3] "Although MASS. GEN. LAWS ch. 183, § 42 references forms set forth in the appendix to the statute for taking acknowledgments, the use of those forms is not mandatory. Furthermore, while Revised Executive Order No. 455 (04–04), promulgated by the Governor of the Commonwealth of Massachusetts, lists several forms for notaries to use when issuing certificates of acknowledgment, those forms are not

11

"[n]o particular words are necessary as long as they amount to an admission that [the grantor] has voluntarily and freely executed the instrument." *McOuatt*, 320 Mass. at 415. An acknowledgement must "unequivocally express that the execution of the [m]ortgage was the free and act and deed of the [grantor]." *Weiss v. Wells Fargo Bank, N.A.* (*In re Kelley*), 498 B.R. 392, 400 (1st Cir. B.A.P. 2013). An acknowledgment that fails to express that the execution of the mortgage was voluntary or the free act and deed of the grantor is "materially and patently defective under Massachusetts law, such that it is incapable of providing constructive notice to a subsequent purchaser for value." *In re Giroux*, 2009 WL 1458173, at *8*. A mortgage accompanied by such a defective acknowledgment is unenforceable against a subsequent purchaser for value, and is, therefore, avoidable by a trustee in bankruptcy exercising the powers afforded him or her in 11 U.S.C. § 544(a)(3). *In re Kelley*, 498 B.R. at 399.

### C. Analysis of the Motion to Strike

Affidavits or declarations used to support or oppose a motion for summary judgment must "set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4), made applicable by Fed. R. Bankr. P. 7056. In order to be admissible, evidence must be relevant. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401.

The Notary's affidavit, in the instant case, sets forth declarations of certain facts regarding the execution of the Mortgage and regarding the Notary's usual practices as a notary public. The Notary's affidavit contains a statement that it is the Notary's usual practice to ask the grantor making the transfer under the granting instrument to acknowledge that by

---

mandatory nor do they supersede the statutory scheme." *In re Greater Love Tabernacle Church of Boston*, 536 B.R. at 46 n. 6 (internal citations omitted).

12

executing the instrument, he is making the transfer voluntarily and for the stated purpose of the instrument.  It contains a further statement that had the Debtor failed to acknowledge to the Notary that he executed the Mortgage voluntarily for its stated purpose, the Notary would not have notarized the two certificates of acknowledgment.

The attestations contained in the Notary's affidavit are not relevant to the dispute at hand.  No latent defect of the certificates of acknowledgment has been alleged.  Instead, this dispute turns on whether either certificate, *on its face*, expresses that the execution of the Mortgage was the Debtor's free act and deed.  In a case where the sufficiency of the plain language of an acknowledgement is at issue, the usual practices of the Notary in general and as applied to the documents in question, outside of what may be inferred from the language of the acknowledgment, are immaterial to the question of whether a hypothetical bona fide purchaser would have received the notice that the Massachusetts statutory scheme demands.

The facts sworn to in the Notary's affidavit are of no consequence in determining this action.  Therefore, the affidavit is irrelevant under Fed. R. Evid. 401 and is inadmissible under Fed. R. Evid. 402.  As the affidavit does not set forth admissible facts, it is not in compliance with Fed. R. Civ. P. 56(c)(4).  Accordingly, the Trustee's Motion to Strike is granted.  The Court gives the affidavit no weight in the analysis set forth below.

**D.  Analysis of the Debtor's Motion for Summary Judgment on Count I**

As noted above, numerous cases have analyzed the alleged defects of mortgage acknowledgements under Massachusetts law.  Nevertheless, the particular facts of this case are unique, and accordingly, "this Court must predict how the Massachusetts Supreme Judicial Court would resolve the issue with reference to MASS. GEN. LAWS ch. 183, §§ 29, 30." *In re Giroux*, 2009 WL 1458173, at *8 (internal citations omitted).  Indeed, unlike what occurred in *Giroux* and much of its growing progeny, the Trustee in the instant case does not take issue with

the form of the two certificates of acknowledgment, but rather, he contends that neither certificate is actually "endorsed or upon or annexed to" the Mortgage.

It is apparent to this Court, as it would be to any hypothetical bona fide purchaser, that the Mortgage and the Rider constitute a single integrated document recorded at the same time and consecutively paginated by the Registry of Deeds. The Mortgage explicitly identifies the Rider as being "attached hereto and recorded herewith." The Rider, by its own terms, is incorporated into the Mortgage

It is also apparent to this Court that the two certificates of acknowledgment express that the Debtor indicated to the Notary that he executed the Mortgage and the incorporated Rider voluntarily. I am not persuaded by the Trustee's argument that the language and placement of the two certificates creates ambiguity as to which document was voluntarily signed by the Debtor. There are two certificates of acknowledgment annexed to and recorded with the Mortgage and the incorporated Rider. The two certificates each provide that the Debtor acknowledged to the Notary that he voluntarily signed "the proceeding [sic] or attached document." The Mortgage and the Rider each contain a witnessed signature of the Debtor and were recorded with the two certificates. There are no other signatures of the Debtor. It is clear from a review of the recorded pages that the two certificates of acknowledgment refer to these two signatures of the Debtor. Neither the precise order of the pages nor the inclusion of the Description of Property confuses the issue. Any hypothetical bona fide purchaser would be put on notice that the Mortgage and the incorporated Rider were signed voluntarily by the Debtor and that the Debtor indicated as much to the Notary.

For the above reasons and based on the undisputed facts, I find that the two certificates of acknowledgment adequately express that the Debtor indicated to the Notary that he executed the Mortgage and the incorporated Rider voluntarily and as his free act and deed.

Accordingly, the Mortgage provides constructive notice to a subsequent purchaser for value and may not be avoided by the Trustee under 11 U.S.C. § 544(a)(3).  As there is no genuine dispute as to any material fact and the Debtor is entitled to judgment as a matter of law on Count I, the Debtor's Motion for Summary Judgment is granted as to Count I.

### E. Analysis of the Trustee's Motion for Summary Judgment on Count I

As stated above, there is no genuine dispute as to any material fact.  However, the Trustee is not entitled to judgment as a matter of law on Count I.  As explained above, the Mortgage provides constructive notice to a subsequent purchaser for value and may not be avoided by the Trustee under 11 U.S.C. § 544(a)(3) as a matter of law.  Accordingly, the Trustee's Motion for Summary Judgment is denied as to Count I.

### F. Analysis of the Debtor's Motion for Summary Judgment on Count II

Count II seeks to preserve of the avoided Mortgage for the benefit of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 551.  Section 551 provides that "[a]ny transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate." 11 U.S.C. §551.  The Trustee's entitlement to relief under § 551 is contingent on his entitlement to avoid the Mortgage under § 544.  As I have held that the Trustee is not entitled to avoid the Mortgage under § 544, I also hold that, as a matter of law, there is no avoided transfer to be preserved for the benefit of the estate by § 551.

As I have found, based on the undisputed facts, that the Debtor is entitled to judgment as a matter of law on Count II, the Debtor's Motion for Summary Judgment is granted as to this count.

    **G. Analysis of the Trustee's Motion for Summary Judgment on Count II**

Based on the undisputed facts and for the reasons articulated in the above analysis of the Debtor's Motion for Summary Judgment on Count II, I find that the Trustee is not entitled to judgment as a matter of law. Accordingly, the Trustee's Motion for Summary Judgment on Count II is denied.

**VII. Conclusion**

For the foregoing reasons, the Court will enter orders granting the Trustee's Motion to Strike the Affidavit of the Notary, granting the Debtor's Motion for Summary Judgment, and denying the Trustee's Motion for Summary Judgment.

Date: May 12, 2016

                                                         _____
Frank J. Bailey
United States Bankruptcy Judge